IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2006–HYB1, MORTGAGE PASS-THROUGH TRUST SERIES 2006-HYB1, 101 Barclay Street – 4W New York, NY 10286, <br><br> Plaintiff, <br><br> v. <br><br> JOSE OSCAR CHEVEZ aka JOSE OSCAR CHAVEZ, 8917 Centerway Road Gaithersburg, Maryland 20879 <br><br> and <br><br> YESENIA CHEVEZ, 8917 Centerway Road Gaithersburg, Maryland 20879 <br><br> and <br><br> CITIBANK, N.A. The Corporation Trust Incorporated, R.A. 351 West Camden Street Baltimore, MD 21201 <br><br> Defendants. | Civil Action No.: _____ |

**COMPLAINT FOR REFORMATION OF DEED OF TRUST AND EQUITABLE SUBROGATION**

Plaintiff, Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders of the CWMBS, Inc., CHL Mortgage Pass-through Trust 2006-HYB1,

Mortgage Pass-through Trust Series 2006-HYB1 ("Bank of New York"), by counsel, commences this action for Reformation of Deed of Trust and Equitable Subrogation against Defendants, Jose Oscar Chevez aka Jose Oscar Chavez ("Jose Chevez"), Yesenia Chevez ("Yesenia Chevez") and Citibank, N. A. ("Citibank"), and in support thereof states as follows:

### Parties

1. Plaintiff, Bank of New York, is a financial services provider with its principal office in New York, NY, and, among other functions, acts as the trustee of mortgage backed securities, in this matter as trustee for a mortgage backed security which includes a mortgage loan secured by a deed of trust encumbering title to real property located at 8917 Centerway Road, Gaithersburg, MD 20879 ("Property").

2. Defendants, Jose Chevez and Yesenia Chevez, are the owners of record of the Property, and upon information and belief, also reside in the Property.

3. Defendant, Citibank, is a financial services provider with its principal office in Sioux Falls, South Dakota and with branch offices throughout the United States including an office located at 3900 Paradise Road, Las Vegas, Nevada 20879, which it identifies as its "home address" on the loan document, and from which it originates home equity lines of credit to borrowers throughout the United States.

4. Upon information and belief, Jose Chevez and Yesenia Chevez are presently, and at all times relevant to this action, have been husband and wife.

### Jurisdiction and Venue

5. This Court has jurisdiction in this matter under 28 U.S.C. § 1332 because the parties are residents of different states and the amount in controversy exceeds $75,000.

6. Venue is proper in the District of Maryland under 28 U.S.C. § 1391(a) because the property that is the subject of this action lies in Montgomery County, Maryland.

## Facts

7. By deed dated November 25, 2003 and recorded among the land records of Montgomery County, Maryland ("Land Records") in book 26137, page 600 ("Chevez Deed"), Jose Chavez and Yesenia Chevez acquired the Property as tenants by the entirety. The Chevez Deed is attached as **Exhibit A**.

8. To finance their purchase of the Property Jose Chevez and Yesenia Chevez on November 25, 2003, closed a mortgage loan with Lehman Brothers Bank, FSB in the sum of $221,000.00 ("Lehman Brothers Loan") and secured that obligation by a deed of trust encumbering the Property recorded in the Land Records in Book 26137, page 607 ("Lehman Brothers Deed of Trust"). The Lehman Brothers Deed of Trust is attached as **Exhibit B**.

9. On September 28, 2004, Jose Chevez, individually, closed a mortgage loan with Washington Mutual Bank, FA in the sum of $230,000.00 ("Washington Mutual Loan"), in part to refinance the Lehman Brothers Loan and purported to secure that obligation by individually executing and delivering a deed of trust intended to encumber the Property which was recorded in the Land Records in Book 28465, page 005 ("Washington Mutual Deed of Trust"). The Washington Mutual Deed of Trust is attached as **Exhibit C**.

10. The Lehman Brothers Deed of Trust was duly released by Certificate of Satisfaction recorded in the Land Records in Book 28579, page 110 ("Lehman Brothers Release"). The Lehman Brothers Release is attached as **Exhibit D**.

11. On October 25, 2005, Jose Chevez, individually, closed a mortgage loan with American Brokers Conduit in the sum of $278,000.00 ("American Brokers Loan"), in part to

refinance the Washington Mutual Loan and purported to secure that obligation by individually executing and delivering a deed of trust intended to encumber the Property which was recorded in the Land Records in Book 31278, page 597 ("American Brokers Deed of Trust"). The American Brokers Deed of Trust is attached as **Exhibit E**.

12. The American Brokers Loan is presently held by Bank of New York.

13. On October 31, 2005, Washington Mutual Bank was paid the sum of $234,948.37 from the proceeds of the American Brokers Loan in full satisfaction of the outstanding balance of the Washington Mutual Loan as shown on Line 104 of a HUD-1, Settlement Statement produced for the closing of the American Brokers Loan ("American Brokers HUD-1"). A copy of the American Brokers HUD-1 is attached as **Exhibit F**.

14. On November 22, 2005, Washington Mutual Bank caused a Certificate of Satisfaction to be recorded in the Land Records in Book, 31301, page 016 releasing the Washington Mutual Deed of Trust ("Washington Mutual Release"). The Washington Mutual Release is attached as **Exhibits G**.

15. On January 6, 2007, Jose Chevez and Yesenia Chevez closed a home equity line of credit with Citibank in the maximum sum at any one time of $43,000 ("Citibank HELOC") and secured the obligation by jointly executing and delivering a Home Equity Line of Credit Deed of Trust encumbering the Property which was recorded in the Land Records in Book 33781, page 199 ("Citibank HELOC Deed of Trust"). The Citibank HELOC Deed of Trust is attached as **Exhibit H**.

<u>**Count I**</u>
<u>**(Reformation of Deed of Trust – Scrivener's Error and/or Mutual Mistake)**</u>

16. Plaintiff re-alleges and incorporates by reference all allegations set forth in Paragraphs 1-15 as if fully set forth herein.

17. As a closing condition of the American Brokers Loan, the funding lender required in its Loan Closing Instructions (Condition #21) ("American Brokers Loan Closing Instructions") to the closing settlement agent that the American Brokers Deed of Trust be executed by both Jose Chevez and Yesenia Chevez. A copy of the American Brokers Loan Closing Instructions is attached as **Exhibit I**.

18. American Brokers Conduit, as the funding lender, and both Jose Chevez and Yesenia Chevez intended that the American Brokers Loan would be properly and validly secured in first deed of trust lien position by the American Brokers Deed of Trust properly executed, acknowledged and delivered by Jose Chevez and Yesenia Chavez as tenants by the entirety, and the recordation of that instrument in the Land Records.

19. The American Brokers Deed of Trust was executed by Jose Chevez individually as the result of an inadvertent scrivener's error committed either by the preparer of the document or by the closing settlement agent, or by both, in omitting a signature line on the document for Yesenia Chevez in contravention of Condition 21 of the American Brokers Loan Closing Instructions.

20. Alternatively, the omission of a signature line for Yesenia Chevez in the preparation of the American Brokers Deed of Trust and the execution of the instrument by Jose Chevez individually at loan closing, was the result of a mutual mistake of fact by the preparer of the document, the loan closing agent, Jose Chevez and Yesenia Chevez.

21. Yesenia Chavez was fully aware of the American Brokers Loan, and on October 25, 2005, as a designated borrower, signed and approved the American Brokers HUD-1 which fully set forth the financial details of the loan closing transaction including the payoff to Washington Mutual Bank (see Exhibit F).

22. The American Brokers Loan was a "cash-out" refinance loan, and the borrowers identified as "Jose Oscar Chavez and Yesenia Chevez" on the American Brokers HUD-1, Line 303, received the sum of $37,552.47 net of all closing costs and expenses and the payoff of the Washington Mutual Loan (see Exhibit F).

23. The scrivener's error and/or the mutual mistake of fact resulting in the individual execution of the American Brokers Deed of Trust caused the instrument, as recorded, to be without its intended effect and to be entirely unenforceable as a security device, rendering the American Brokers Loan to be unsecured.

24. Jose Chevez and Yesenia Chevez mutually benefitted from the proceeds of the American Brokers Loan.

25. Under the facts and circumstances as alleged, good and sufficient cause exists to reform the American Brokers Deed of Trust, *nunc pro tunc* to the date of its execution by Jose Chevez, to incorporate into the conveyance of the Property the *entirety interest* of Jose Chevez and Yesenia Chevez as if they had jointly and simultaneously executed, acknowledged and delivered the instrument on October 25, 2005.

26. Jose Chevez is now in default of the terms of the American Brokers Loan.

27. Plaintiff, Bank of New York, as the holder of the American Brokers Loan, is unable to exercise the rights and remedies provided by the American Brokers Deed of Trust.

28. No party will suffer any prejudice by the reformation of the American Brokers Deed of Trust to effectuate the closing of the American Brokers Loan as was intended by all parties.

WHEREFORE, Plaintiff, Bank of New York, respectfully requests that this Court enter its Order finding that there is good and sufficient cause for reformation of the American Brokers Deed of Trust and awarding Plaintiff the following relief:

(a) The reformation of the American Brokers Deed of Trust *nunc pro tunc* to the date of its execution by Jose Oscar Chevez: (i) to incorporate the following language directly after the designation of Jose Chevez as "Borrower" on page one (1) to include "joined by his co-tenant by the entirety, Yesenia Chevez", and (ii) to incorporate into the conveyance of the Property, the *entirety interest* of Jose Chevez and Yesenia Chevez as if they had jointly and simultaneously executed, acknowledged and delivered the instrument on October 25, 2005; and

(b) The inclusion in the Order, for accurate identification, the street address, the Account Identifier and legal description of the Property; and

(c) A declaration that the American Brokers Deed of Trust, as reformed, constitutes a valid and subsisting first deed of trust lien encumbering title to the Property; and

(d) A direction to the Clerk of the Circuit Court for Montgomery County to record the Order among the Land Records and to index the same in the names of "Jose Oscar Chevez", "Jose Oscar Chavez" and "Yesenia Chevez" as Grantors and in the name of "Andrew Valentine, Trustee", as Grantee; and

(e) Affording such other and further relief as the Court deems just and proper.

### Count II
### (Equitable Subrogation)

29. Plaintiff re-alleges and incorporates by reference all allegations set forth in Paragraphs 1-15 and 17-28 as if fully set forth herein.

30. Citibank, Jose Chevez and Yesenia Chevez closed the Citibank HELOC on January 6, 2007 with full knowledge of the American Brokers Loan by virtue of the presence of the American Brokers Deed of Trust of record in Book 31278, page 597, notwithstanding its ineffectiveness as a security instrument.

31. Citibank in its processing and closing of the Citibank HELOC expected to be secured in second deed of trust lien position behind the American Brokers Deed of Trust.

32. Citibank, of record, enjoys first deed of trust lien position.

33. The Washington Mutual Loan was paid in full in the sum of $234,948.37 directly from the loan proceeds of the American Brokers Loan by agreement with Jose Chevez and Yesenia Chevez as memorialized on the American Brokers HUD-1 (see Exhibit F).

34. Jose Chevez was personally liable for the payment of the Washington Mutual Loan.

35. American Bankers Conduit did not act as a volunteer in the payment and satisfaction of the Washington Mutual Loan, but did so in order that the lien of the Washington Mutual Deed of Trust would be released and the American Brokers Deed of Trust would enjoy first deed of trust lien position.

36. The American Brokers Deed of Trust, by virtue of the satisfaction of the Washington Mutual Loan, is equitably subrogated to the first deed of trust lien position of the Washington Mutual Deed of Trust.

37. The Washington Mutual Deed of Trust was also executed solely by Jose Chevez and not by Jose Chevez and Yesenia Chevez acting jointly.

38. The purpose of the Washington Mutual Loan was to refinance the Lehman Brothers Loan, and the Lehman Brothers Loan was paid and satisfied in full from the proceeds of

the Washington Mutual Loan, and the Lehman Brothers Deed of Trust was released of record in due course.

39. Jose Chevez was personally liable for the payment of the Lehman Brothers Loan.

40. Washington Mutual Bank did not act as a volunteer in the payment and satisfaction of the Lehman Brothers Loan, but did so in order that the lien of the Lehman Brothers Deed of Trust would be released and that the Washington Mutual Deed of Trust would enjoy first deed of trust lien position.

41. Washington Mutual Deed of Trust, by virtue of the satisfaction of the Lehman Brothers Loan is equitably subrogated to the first deed of trust lien position of the Lehman Brothers Deed of Trust.

42. By subrogation, the party subrogated acquires all of the rights, securities and remedies of the creditor who has been paid against the obligor whose debt has been paid.

43. American Brokers Conduit is subrogated to Washington Mutual Bank, and in exercise of the rights, securities and remedies of Washington Mutual Bank is further subrogated to the lien position of the Lehman Brothers Deed of Trust.

44. Jose Chevez, Yesenia Chavez and Citibank would be unjustly enriched under the circumstances alleged herein if Citibank were permitted to maintain first deed of trust lien position.

45. Citibank's expectation of being secured in second deed of trust lien position is not disturbed by this equitable subrogation, and no party will suffer any prejudice thereby.

WHEREFORE, Plaintiff Bank of New York respectfully requests that this Court enter an Order finding that the American Brokers Deed of Trust securing the American Brokers Loan, presently held by Plaintiff, Bank of New York is entitled to be equitably subrogated to the lien of

the Lehman Brothers Deed of Trust securing Lehman Brothers Bank, FSB (by and through Mortgage Registration Systems, Inc., its nominee) and award Plaintiff the following relief:

(a) A declaration that the American Brokers Deed of Trust constitutes a valid and subsisting first deed of trust equitably subrogated to the lien position held by the that certain deed of trust securing Lehman Brothers Bank, FSB and recorded in the Land record of Montgomery County, Maryland recorded in Book 26137, page 607; and

(b) The inclusion in the Order, for accurate identification, the street address, real estate tax identification number and legal description of the Property; and

(c) A direction to the Clerk of the Circuit Court for Montgomery County to record the Order among the Land Records and to index the same in the names of "Jose Oscar Chevez", "Jose Oscar Chavez" and "Yesenia Chevez" as Grantors and in the name of "Andrew Valentine, Trustee", as Grantee; and

(d) Affording such other and further relief as the Court deems just and proper.

Dated:  November 12, 2014        Respectfully submitted,

_____
Nicholas V. Cumings (Bar No. 18678)
BrigliaHundley, P.C
1921 Gallows Road, Suite 750
Tysons Corner, VA 22182
(703) 883-9105 (telephone)
(703) 883-0899 (facsimile)
ncumings@brigliahundley.com

*Counsel for Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders of the CWMBS, Inc., CHL Mortgage Pass-through Trust 2006-HYB1, Mortgage Pass-through Trust Series 2006-HYB1*